IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARLEEN O. JEANBAPTISTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-264-K |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was automatically referred for pretrial management. Before the Court are *Defendant's Motion to Dismiss Plaintiff's Original Petition and Brief in Support Thereof*, filed January 30, 2014 (doc. 5), and *Plaintiff's Motion for Remand*, filed January 31, 2014 (doc. 6). Based on the relevant filings and applicable law, Plaintiff's motion to remand should be **DENIED,** and Defendant's motion to dismiss should be **GRANTED.**

## I. BACKGROUND

This case involves the foreclosure of real property located at 308 Evergreen Trail, Cedar Hill, Texas 75104 (the Property). (Orig. Compl. (doc. 1-2) at 9.)[1] On December 18, 2013, Sharleen O. Jeanbaptiste (Plaintiff) filed this suit against Wells Fargo Bank, N.A. (Defendant) in state court for claims arising from the foreclosure of her home, the Property. (*Id.* at 8–15.)

In her verified state court petition, Plaintiff alleges that she purchased the Property on June 1, 2000, with a mortgage loan from National City Mortgage, Inc. (NCM), doing business as Accubanc Mortgage Company. (*Id.* at 9.) Plaintiff executed a deed of trust securing a promissory

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

note in the amount of $135,931.00 in NCM's favor.  (*Id.* at 17–23.)  Plaintiff apparently refinanced her loan on April 24, 2002, and she executed another deed of trust naming NCM as the Lender and "secured party."  (*See* doc. 5-2 at 9.)  The loan amount was $135,922.00.  (*Id.*)

On August 29, 2003, Plaintiff apparently refinanced her loan again and executed another promissory note for $146,312.00 and a deed of trust securing the note.  (docs. 5-1 at 2–4; 5-2 at 2–10.)  Both the note and deed of trust named Prime Lending, Inc. and its successors and assigns as Lender, and Plaintiff as borrower.  (docs. 5-1 at 2; 5-2 at 2.)  At some point in time, U.S. Bank, N.A. U.S. Bank became the Lender and "mortgagee" of Plaintiff's loan, and Defendant became the "mortgage servicer."  (*See* docs. 1-2 at 9; 5-3 at 2.)

Plaintiff and Defendant executed a loan modification agreement on July 5, 2006.  (doc. 1-2 at 33–35.)  On July 13, 2007, they executed another modification agreement.  (*Id.* at 37–42.)  Plaintiff claims that in December 2007, she applied for a loan modification but continued "making [her] monthly mortgage payments."  (doc. 1-2 at 9.)

On April 3, 2008, Defendant mailed Plaintiff a letter explaining that they "were unable to reach a mutual agreement regarding the options available to assist [her] with [her] current situation."  (*Id.* at 43.)  The letter advised Plaintiff to contact Defendant "as soon as possible to discuss [her] options."  (*Id.*)  She claims that Defendant "issued [] an unattainable loan modification" in August 2008.  (*Id.*)  She allegedly submitted another application in October 2008.  (*Id.*)

In December 2008, Plaintiff "temporarily" moved to Louisiana to "care for her terminally ill mother."  (*Id.* at 9.)  While in Louisiana, she "continued her efforts to modify her loan."  (*Id.*)

Despite Plaintiff's efforts, the substitute trustee sold the Property at a foreclosure sale on June 2, 2009.  (doc. 5-3 at 2.)  U.S. Bank was listed as the purchaser on the substitute trustee's deed,

and Defendant was listed as the mortgage servicer.  (*Id.*)  Plaintiff contends that the foreclosure was wrongful because Defendant failed to give her notice of its acceleration of the note.  (*Id.*)

In October 2009, a friend "happened to be driving by the [Property] and observed someone removing items from" it.  (*Id.*)  The "friend immediately contacted [Plaintiff] to inform her of what was going on."  (*Id.*)  Upon inquiry, Defendant told Plaintiff that the "Property ha[d] been foreclosed", and she had five hours "to remove her belongings."  (*Id.*)  When her friends arrived at the Property, Defendant had removed several pieces of furniture, appliances, and other personal items.  (*Id.* at 10.)

The complaint asserts claims for breach of contract, wrongful foreclosure, conversion, and civil theft under the Texas Theft Liability Act (TTLA).  (*Id.* at 10–13.)  Plaintiff seeks actual and exemplary damages, injunctive relief, declaratory judgment, pre- and post-judgment interest, attorney's fees, and court costs.  (*Id.* at 12–14.)

 On January 23, 2014, Defendant removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, and it moved to dismiss a few days later.  (docs. 1 and 5.) Plaintiff moved to remand the case to the state court on January 31, 2010, for lack of subject matter jurisdiction.  (doc. 6.)  The motions are now ripe for recommendation.

## II.  MOTION TO REMAND

A.      <u>**Jurisdiction**</u>

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action.  28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction exists in all civil actions arising under the Constitution,

laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a).

To determine whether federal jurisdiction exists, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of f. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n. 2 (5th Cir. 1983)). If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06-02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court ... [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

-4-

## 1.      Diversity of Citizenship[2]

Plaintiff moves for remand on grounds that Defendant has failed to distinctly and affirmatively assert the parties' citizenship.  (doc. 7 at 2.)

An action removable based on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A case that is removed under § 1332 must therefore have "complete diversity" of citizenship.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332.  This means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).  To carry its burden, the party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of all the parties.  *Getty Oil*, 841 F.2d at 1259 (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam)).      Defendant asserts in its removal notice that it is a "citizen of South Dakota" because its main office is located in that state, as provided by its articles of association.  (doc. 1 at 4.)[3]  It is undisputed that Defendant is a national bank.  For diversity jurisdiction purposes, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).  Defendant has met its burden to "distinctly and affirmatively" assert its citizenship.

---

[2]  The parties agree that no federal question is presented in this case.  (*See* docs. 1, 1-2, 6 at 2; 11 at 4.) Accordingly, removal was proper only if Defendant has met its burden of showing that there is diversity of citizenship between the parties.  *See Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G (BH), 2013 WL 6620856, at *3 (N.D. Tex. Dec. 16, 2013).

[3]  Plaintiff contends that Defendant "is a citizen of the State of Texas" because it "has multiple banking locations throughout [this] state" and "has entered into contracts with [] Plaintiff" in this state.  (doc. 7 at 2.)  This argument appears to be erroneously based on the "constitutional touchstone" of personal jurisdiction, which requires that the defendant "purposefully establish[] 'minimum contacts' in the forum [s]tate."  *See Lyons v. Chase Home Lending*, No. 3:11-CV-1056-N-BH, 2011 WL 4907084, at *3 (N.D. Tex. Sept. 1, 2011), *rec. adopted*, 2011 WL 4840724 (N.D. Tex. Oct. 11, 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

In its response to Plaintiff's motion for remand, Defendant claims that Plaintiff is a Texas citizen because she resided in Texas before she "temporarily" moved to Louisiana, and all of her property at issue in this case is located in Texas. (doc. 11 at 5.)  Plaintiff avers in the sworn affidavit she attached to her reply that she is and has at all relevant times been domiciled in Texas.  (*See* docs. 11 at 5;12 at 2; 12-1.)   In light of Plaintiff's affidavit and its own filings, Defendant has "affirmatively and distinctly" asserted Plaintiff's Texas citizenship.[4]  Defendant has therefore met its burden to show there is complete diversity of citizenship between the parties.

### 2.    *Amount-in-Controversy*

Plaintiff argues that the amount-in-controversy requirement is not met because she does not seek monetary damages or injunctive relief, rather, she seeks only declarations that the Property was "wrongfully foreclosed."  (doc. 7 at 2.)  Defendant responds that it is "facially apparent" from Plaintiff's complaint that the amount in controversy exceeds the requisite $75,000.00 because she seeks "monetary relief [of] over $100,000.00" and the current fair market value of the Property i.e., "the object of the litigation," is $132,560.00.  (doc. 11 at 6–9.)

The amount-in-controversy threshold is a necessary element that must be met before a federal court can properly exercise diversity jurisdiction.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  In a motion to remand, the amount in controversy is determined from the plaintiff's perspective.  *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *2 (S.D. Tex. Mar. 23, 2012).  The defendant, as the removing party, bears the burden of establishing

---

[4] "A United States citizen who is domiciled in a state is a citizen of that state." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also* U.S. CONST. AMEND. XIV, § 1. Consequently, for purposes of determining diversity jurisdiction, an individual's state citizenship is generally "regarded as synonymous with domicile." *Coury*, 85 F.3d 2 at 249. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . ." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal quotations omitted).

by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

a.   <u>The Property's Value</u>

In actions where the plaintiff seeks injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The "object of the litigation" is "the value of the right to be protected or the extent of the injury to be prevented." *McDonald v. Deutsche Bank Nat. Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)). If the injury sought to be prevented is the loss of title to property, then the property itself becomes the object of the litigation. *Burr*, 2012 WL 1016121, at *3. Accordingly, where the plaintiff puts the title to property in dispute, the value of the property is the proper measure of the amount in controversy. *Id.*; *accord McDonald*, 2011 WL 6396628, at *2 ("When 'a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'") (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).

Here, Plaintiff alleges that she entered into a modification agreement with Defendant and made the required payments with the understanding that "she would retain ownership of the Property." (doc. 1-2 at 11.) She claims to have suffered "loss of [the] Property" as a result the foreclosure. (*Id.*) She seeks "a court determination as to her rights under the mortgage and loan

-7-

modification as they relate[] to the Property." (*Id.* at 12.)  These allegations call into question the right to the Property in its entirety.  The Property's market value may therefore be considered in determining the amount in controversy.  *See McDonald*, 2011 WL 6396628, at *6.

To prove the Property's market value, Defendant attached to its removal notice an appraisal report by the Dallas County Appraisal District (DCAD).  (doc. 1-4 at 2–5.) The report shows that the current appraised market value of the Property is $132,560.00.  (*Id.* at 2.)[5]  Defendant has therefore satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, by setting forth the facts in controversy that support a finding of the requisite amount.

        b.    <u>Claimed Damages</u>

"Courts [] consider the nature of the claims and the types of damages sought to determine whether it is facially apparent that the amount in controversy meets [the] jurisdictional requirements."  *Hannah v. Allstate Texas Lloyd's*, No. EP-11-CV-269-KC, 2011 WL 5325257, at *2 (W.D. Tex. Nov. 2, 2011) (internal quotations omitted).  On the first page of her complaint, Plaintiff states that she "seeks monetary relief [of] over $100,000.00 but not more than $200,00.00." (doc. 1-2 at 8.)  She also requests over $25,000.00 in connection with her conversion and civil theft claims, an unspecified amount of "actual," "unliquidated," and "exemplary" damages regarding her other claims, attorney's fees, and court costs.  (doc. 1-2 at 11–14.)

The total amount in controversy, consisting of the Property's appraised market value of $132,560.00 and at least $125,000.00 in "monetary relief," totals over $ 257,560.00 and satisfies the jurisdictional amount.  Defendant has satisfied its burden of establishing by a preponderance of the

_____

[5]  Plaintiff does not object to the admissibility of this report.

evidence that the amount in controversy exceeds $75,000.00, by demonstrating that it is facially apparent from Plaintiff's complaint that the claim likely exceeds $75,000.00.

Because Defendant has shown that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000.00, it has met its burden to show that the Court has subject matter jurisdiction based on diversity jurisdiction. Plaintiff's motion to remand on this basis should therefore be denied.

**B.    Predominance of State law**

Plaintiff essentially argues that even if there is diversity jurisdiction, remand is still required under 28 U.S.C. § 1441(c) because "state law predominates in this suit." (doc. 7 at 2.)

Section 1441(c), last amended in 2011, provides, in relevant part, that if a civil action includes a federal claim "within the meaning of *section 1331*," and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," "the entire action may be removed if the action would be removable without the inclusion of" the non-removable state law claim. 28 U.S.C.A § 1441(c)(1) (West 2011) (emphasis added). "Upon removal, the district court shall sever from the action all [non-removable state law] claims" and remand them "to the State court from which the action was removed." *Id.* § 1441(c)(2).[6]

Defendant removed this action based on diversity jurisdiction under § 1332, not federal

---

[6] The previous version of the statute, amended in 2002, provided: "Whenever a separate and independent claim . . . within the jurisdiction conferred by section 1331 . . . is joined with one or more otherwise non-removable claims . . ., the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C.A. § 1441(c) (West 2002). The Fifth Circuit construed this version as giving courts discretion to remand "separate and independent" state law claims that are removed with federal claims but prohibiting courts from remanding the federal claims. *See Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1003–05 (5th Cir. 2008); *see also S. Technical Diesel, Inc. v. Volvo Grp. N. Am., LLC*, No. CIV.A. 5-10-129, 2011 WL 830330 (S.D. Tex. Mar. 3, 2011) ("[T]he Fifth Circuit has consistently held that [a] district court has no discretion to remand claims arising under federal law, even where,. . . the federal claims are few and the state claims are many.") (citing *Poche*, 549 F.3d at 1005).

question jurisdiction under § 1331.  (*See* doc. 1.)  The parties agree that the complaint does not

present a federal question or cause of action.  (*See* docs. 1, 1-2, 6 at 2; 11 at 4.)  Section 1441(c) is

inapplicable in this case.  *See Olivier Plantation, LLC v. St. Bernard Parish*, 744 F. Supp. 2d 575,

585–86 (E.D. La. 2010) ("Here, there is no federal question jurisdiction; therefore, [§ 1441(c)] is

inapplicable to the present case."); *Washington v. Ernster*, 551 F. Supp. 2d 568, 575 (E.D. Tex.

2007) ( "Nevertheless, this case is outside the purview of § 1441(c) because the parties do not assert

any claims that fall within the court's federal question jurisdiction.").  Because there is no federal

cause of action from which Plaintiff's state claims may be severed, her motion to remand on this

basis should also be denied.

### III.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's claims for breach of contract, wrongful foreclosure,

conversion, and theft of property under the TTLA.  (doc. 5.)

### A.    Rule 12(b)(6) Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely

granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court

cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see*

*also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

The plaintiff's pleadings must show specific, well-pleaded facts, not mere conclusory allegations

to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must

accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.

*Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that

actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented

to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. Accordingly, attachments falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached to her complaint copies of what appear to be the deeds of trust she executed on June 1, 2000, April 24, 2002, and August 26, 2003, correspondence Defendant sent her in July 2006 and July 2007 informing her that her loan modification applications were approved, two modification agreements dated July 25, 2006 and July 13, 2007, cashier's checks made payable to Defendant, and miscellaneous correspondence from Defendant. (doc. 1-2 at 17–49.) These documents are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

In addition, Defendant has attached to its motion copies of a promissory note Plaintiff executed on August 26, 2003, deeds of trust dated April 24, 2002 and August 29, 2003, and the substitute trustee's deed issued at the foreclosure on June 2, 2009. (docs. 5-1–5-3.) These documents are referenced in Plaintiff's complaint and are central to her breach of contract and wrongful foreclosure claims; they are therefore considered part of the pleadings. *See Collins*, 224 F.3d at 498. Conversion of the motion to dismiss into a motion for summary judgment is

unnecessary.  *See id.*; *Katrina Canal Beaches*, 495 F.3d at 205.

**B.     Statute of Limitations**

Defendant moves to dismiss Plaintiff's claims for breach of contract, wrongful foreclosure, conversion, and civil theft under the TTLA on grounds that they are time-barred.  (doc. 5 at 8–11.)[7]

Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[] on the face of the complaint."  *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

*1.     Breach of Contract*

"Under Texas law, a four-year statute of limitations applies to breach of contract claims."[8] *TIB-The Indep. BankersBank v. Canyon Cmty. Bank*, No. 3:14-CV-0011-D, 2014 WL 1373507, at *4 (N.D. Tex. Apr. 8, 2014) (Fitzwater, C.J.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2002)).  Unless an exception applies, the cause of action accrues at the time of the breach. *Id.* (citing *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002)).[9]

Here, Plaintiff asserts that the deeds of trust she executed on June 1, 2000 and August 29,

---

[7] Defendant also moves to dismiss on grounds that Plaintiff has failed to allege sufficient facts to state plausible claims for breach of contract, wrongful foreclosure, conversion, and civil theft under the TTLA.  (doc. 5 at 11–17.) Because the limitations issue is dispositive, it is unnecessary to reach this ground.

[8] The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 759 (N.D. Tex. 2012) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)).

[9] The general rule in Texas, known as the "injury rule," holds that a "cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013), *cert. denied*, 2013 WL 3193331 (U.S. Oct. 7, 2013) (citing *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)).

2003, are "valid and enforceable written contract[s]." (doc. 1-2 at 10.) She claims Defendant breached these contracts "by wrongfully foreclosing" on the Property. (*Id.* at 11.) Because Defendant's breaches caused her injury, she seeks "unliquidated damages within the jurisdictional limits." (*Id.*)

The substitute trustee's deed shows that the Property was foreclosed on June 2, 2009. (*See* doc. 5-3 at 2.) Any breach by part of Defendant occurred on that date. Since Plaintiff does not allege that an exception to the general rule applies, the four-year statute of limitations began to run on June 2, 2009, and expired on June 2, 2013. Because Plaintiff filed suit on December 18, 2013, her breach of contract claim is barred by the statute of limitations and should be dismissed with prejudice. *See Phelps v. U.S. Bank Nat. Ass'n*, No. 2:13-CV-361, 2014 WL 991803, at *4 (S.D. Tex. Mar. 13, 2014) (dismissing with prejudice breach of contract claim that was filed nearly one year after the four-year statute of limitations expired).

### 2.      *Wrongful Foreclosure*

The statute of limitations for a wrongful foreclosure claim[10] in Texas is four years. *Pineda v. Countrywide Home Loans, Inc.*, No. CIV.A. H-12-356, 2012 WL 2050358, at *2 (S.D. Tex. June 6, 2012) (citing *Gonzalez v. Lockwood Lumber Co.*, 668 S.W.2d 813, 814 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.)). "[T]he limitations period begins to run from the date of foreclosure." *Mitchell v. Armstrong Capital Corp.*, No. 14-94-00896-CV, 1996 WL 354744, at *4 (Tex. App.—Houston [14th Dist.] June 27, 1996, writ denied); *Trunkhill Capital, Inc. v. Jansma*,

---

[10]  In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd*, 880 F. Supp. 2d at 766 (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

905 S.W.2d 464, 468 (Tex. App.—Waco 1995, writ denied) (holding that "a cause of action for any deficiency exists on the date of foreclosure.").

Plaintiff alleges that she "entered into a mortgage modification" agreement with Defendant. (doc. 1-2 at 11.)  She made the payments required under the agreement believing that she "would retain ownership of the Property."  (*Id.*)  She claims the foreclosure was "wrongful" because she "was making [the] payments" as agreed, and she seeks "unliquidated damages."  (*Id.*)  Since the foreclosure sale took place on June 2, 2009, any cause of action for wrongful foreclosure accrued on that date.  *See Mitchell*, 1996 WL 354744, at *4.  While the limitations period expired on June 2, 2013, Plaintiff did not file suit until December 18, 2013.  Accordingly, this claim also fails as untimely and should be dismissed with prejudice.

### 3.    *Conversion*

In Texas, a conversion claim[11] "has a two-year statute of limitations."  *Sykes v. Pub. Storage Inc.*, 425 F. App'x 359, 362 (5th Cir. 2011) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a) ("conversion of personal property")).  The limitations period "begins to run at the time of the alleged unlawful taking."  *Roehrs v. Conesys, Inc.*, No. CIV.A. 3:05-CV-829-M, 2005 WL 3454015, at *2 (N.D. Tex. Dec. 14, 2005) (citing *Rogers v. Ricane Enterprises, Inc.*, 930 S.W.2d 157, 166 (Tex. App.—Amarillo 1996, writ denied.)).

Plaintiff alleges that in October 2009, a friend drove by the Property and "observed someone removing items" from it.  (doc. 1-2 at 9.)  Her friend "immediately contacted" her "to inform her of

---

[11] Under Texas law, a claim for conversion has four elements: (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.  *Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 558 (N.D. Tex. 2009) (citing *Burns v. Rochon,* 190 S.W.3d 263, 268 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

what was going on." (*Id.*)  In response to her inquiry, Defendant told her that the Property had been foreclosed, and she had five hours "to remove her belongings." (*Id.*) She claims Defendant unlawfully seized personal items totaling over $25,000.00 in value.[12] (*Id.* at 12.)

Since the alleged unlawful taking occurred in October 2009, the two-year statute of limitations ran in October 2011. *See Roehrs*, 2005 WL 3454015, at *2. Because she filed suit over two years after the limitations expired, Plaintiff's conversion claim is also time-barred. *See Roehrs*, 2005 WL 3454015, at *4 (holding that the statute of limitations "bar[red] the conversion claim" where the events giving rise to the claim "occurred more than two years before [the plaintiff] filed [the] action"). Accordingly, this claim should also be dismissed with prejudice.

### 4.      *Civil Theft under the TTLA*

Pursuant to the TTLA, a person who commits "theft"[13] is liable for actual damages and up to $1000.00 in additional damages. Tex. Civ. Prac. & Rem. Code Ann. §§ 134.003, 134.005 (West 2013). Notably, the TTLA does not specify a limitations period. Courts have applied the two-year statute of limitations listed under Tex. Civ. Prac. & Rem. Code § 16.003(a). *See, e.g., Howard v. Sony BMG Music Entm't*, No. CIV A H-06-3133, 2007 WL 2537865, at *3 (S.D. Tex. Aug. 31, 2007), *aff'd*, 293 F. App'x 350 (5th Cir. 2008); *J & J Sports Prods., Inc. v. JWJ Mgmt., Inc.*, 324 S.W.3d 823, 832 (Tex. App.— Fort Worth 2010, no pet.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2005) (providing that "a person must bring suit for . . . conversion of

---

[12]  The items are: a back up generator ($2,500.00), a large rug ($2,000.00), personal documents ("priceless"), four diamond rings and a diamond tennis bracelet ($10,000.00), a complete large patio set ($700), a washer and drier set ($2,000.00), a barbecue smoker ($500), a doghouse ($175), four new tires ($800), miscellaneous household items, 2 bicycles, and new clothing ($5,000.00), and 5 ceiling fans ($1,500.00). (doc. 1-2 at 12.)

[13]  "Theft" is defined as "unlawfully appropriating property or unlawfully obtaining services as described by . . . Texas Penal Code." *Id.* § 134.002.

personal property [or] taking or detaining the personal property of another. . . not later than two years after the day the cause of action accrues.").

According to the complaint, Plaintiff "was entitled to possession" of the personal items Defendant allegedly took in October 2009.  (*See* doc. 1-2 at 12–13.)  She claims that "Defendant's unlawful appropriation was made with the intent to deprive [her] of the property."  (*Id.* at 13.)  She seeks actual and exemplary damages and attorney's fees.  (*Id.*)  Because the alleged appropriation took place in October 2009, any civil theft claim under the TTLA accrued at that time.  The limitations period began to run at that time and expired in October 2011.  Plaintiff filed suit over two years after the limitations expired.  Her claim for civil theft under the TTLA claim therefore fails as a matter of law and should be dismissed with prejudice.  *See Howard* at *3 (holding that the plaintiff's claim under the TTLA was "barred by the pertinent statute of limitations" because he filed suit over seven years after the claim accrued).

## C.   Failure to State a Claim for Relief

Defendant seeks dismissal of Plaintiff's requests for miscellaneous relief.  (doc. 5 at 17–19.)

### 1.   *Declaratory Judgment*

Defendant contends that Plaintiff's request for declaratory judgment should be dismissed because she has failed to state a substantive claim.  (doc. 5 at 17.)

Plaintiff seeks declaratory relief under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code.  (*See* doc. 1-2 at 12.)  "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one."  *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  However,

in light of removal from state court, the action may be construed as one brought under the federal

Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201, 2202.  *See Bell v. Bank of Am. Home Loan*

*Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory

judgment action is filed in state court and is subsequently removed to federal court, it is converted

to one brought under the federal Declaratory Judgment Act").

The DJA provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court

of the United States, upon the filing of an appropriate pleading, may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief is or

could be sought."  28 U.S.C. § 2201.  The federal Declaratory Judgment Act "does not create a

substantive cause of action" and "is merely a vehicle that allows a party to obtain an early

adjudication of an actual controversy arising under other substantive law."  *Metropcs Wireless, Inc.*

*v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.)

(internal quotations omitted).  The Act is an authorization and not a command, and allows federal

courts broad, but not unfettered, discretion to grant or refuse declaratory judgment.  *Id.*

Plaintiff seeks "determination as to her rights under the mortgage and loan modification

[agreement] as they relate[] to the Property."  (doc. 1-2 at 12.)  This request appears to be based on

her claims for breach of contract and wrongful foreclosure.  (*See id.* at 10–11.)  Because those

claims are time-barred and fail as a matter of law, her request for declaratory judgment also fails as

a matter of law.  Accordingly, this request should be dismissed.

### 2.     *Rescission*

According to Defendant, Plaintiff's request for rescission is "unavailable as a matter of law"

because she has failed to state a plausible claim for relief.  (doc. 5 at 18.)[14]

"Rescission is an equitable remedy that is available in some circumstances to a claimant that has been injured by such violations as breach of contract or fraud."  *Nelson v. Regions Mortgage, Inc.*, 170 S.W.3d 858, 863 (Tex. App.—Dallas 2005, no pet.).  This remedy "allows a court to set aside a contract . . . to avoid unjust enrichment."  *Kitchell v. Aspen Exploration, Inc.*, 562 F. Supp. 2d 843, 855 (E.D. Tex. 2007) (citing *Martin v. Cadle Co.*, 133 S.W.3d 897, 903 (Tex. App.—Dallas 2004, pet. denied)).  Rescission in a breach of contract case is available only when monetary damages are inadequate, however.  *Mitchell v. Metco, Inc.*, No. CIVA H-04-2444, 2006 WL 6549488, at *2 (S.D. Tex. Nov. 1, 2006); *Isaacs v. Bishop*, 249 S.W.3d 100, 109 (Tex. App.—Texarkana 2008, pet. denied) ("[R]emedy by rescission is not favored" and should "be denied when full relief at law can be provided.").

As an "alternative to monetary damages," Plaintiff "seeks the equitable relief of cancellation of the contract."  (doc. 1-2 at 14.)  She does not explain why monetary damages are inadequate and even requests "monetary relief [of] over $100,000.00 but not more than $200,000.00."  (*Id.* at 8.)  Her request for rescission fails on this basis.  *See Eagle Const. & Envtl. Servs., LLC v. Eagle Supply & Mfg., L.P.*, No. CIV.A. H-10-2800, 2011 WL 4962263, at *2 (S.D. Tex. Oct. 17, 2011) ("Because [the parties'] pleadings indicate that their claims can be satisfied through monetary damages, and they have not plead any facts to indicate that relief at law is inadequate, their claim for rescission will be dismissed.") Ultimately, Plaintiff's allegations fail to raise a reasonable inference that she is entitled to rescission because she has not pled a viable breach of contract claim.  This request

---

[14]  Defendant also argues that this request should be dismissed because "an offer to make restitution must precede a request for rescission and cancellation" of a contract, and Plaintiff has not alleged that she tendered to Defendant "the entire indebtedness due" under the note.  (doc. 5 at 18.)

should be dismissed. *See Jacuzzi, Inc. v. Franklin Elec. Co., Inc.*, No. CIV.A. 3:07-CV-1090-, 2008 WL 190319, at *7 (N.D. Tex. Jan. 22, 2008) (dismissing request for rescission where the plaintiff failed to state a viable substantive claim); *Barnard v. Home Depot U.S.A., Inc.*, No. CIV.A.-06-CA-491-LY, 2006 WL 3063430, at *3 (W.D. Tex. Oct. 27, 2006) (same).

### 3.    Removal of Negative Credit History

Defendant also moves to dismiss Plaintiff's complaint "in its entirety," including her request for injunctive relief.  (doc. 5 at 19–20.)

"To obtain injunctive relief, [a] plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  In addition to her substantive claims, Plaintiff requests "equitable relief" in the form of "removal of negative credit history related to the contract from all credit reporting bureaus."  (doc. 1-2 at 14.)  Because her substantive claims are subject to dismissal on the merits, she cannot establish any likelihood of success on the merits.  *See Jackson*, 2011 WL 3874860, at *3.  Her request for injunctive relief relating to her credit report should be denied.  *See id.*; *see also Mcfarland v. BAC Home Loans Servicing, LP*, No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *4 (N.D. Ga. June 14, 2012) ("Because the Complaint fails to state a claim, Plaintiff is not entitled to any other legal or equitable relief.").[15]

---

[15] Defendant also argues that Plaintiff's request for the removal of negative information from her credit report is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e).  (doc. 5 at 19.) Section 1681h(e) relates to certain *tort* claims, however. *See* 15 U.S.C.A. § 1681h(e) (West 1997) ("[N]o consumer may bring an action or proceeding in the nature of *defamation, invasion of privacy, or negligence* with respect to the reporting of information . . . ." (emphasis added); *Pachecano v. JPMorgan Chase Bank Nat. Ass'n,* No. SA–11–CV–00805–DAE, 2013 WL 4520530, at *4 (W.D. Tex. Aug. 26, 2013) (explaining that by its plain language, "§ 1681h(e) preempts only a narrow class of *tort claims* where a plaintiff does not meet the heightened standard of malice or willfulness.") (emphasis added).  Plaintiff does not assert any of these types of tort claims, and Defendant does not explain why § 1681h(e) should apply to the claims she did assert.  Ultimately, it is unnecessary to reach this argument because the complaint fails to state any claim for relief.

### 4.   Attorney's Fees

Defendant last argues that Plaintiff "cannot recover attorney's fees" because she "has failed to state any claim on which relief could be granted and is not entitled to recover damages." (doc. 5 at 19–20.) Plaintiff seeks attorney's fees under the Tex. Civ. Prac. & Rem. Code. (doc. 1-2 at 12.)

"As a general rule, attorney's fees are not recoverable in Texas unless provided for by contract or by statute." *Lopez v. Los Cielos Homeowners Ass'n, Inc.*, No. 11-11-00102-CV, 2013 WL 1636433, at *2 (Tex. App.—Eastland Apr. 11, 2013, no pet.) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)). Pursuant to the Tex. Civ. Prac. and Rem. Code, "reasonable attorney's fees may be recovered in certain types of suits, such as suits on a sworn account or a written contract." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 38.001). To recover attorney's fees under § 38.001, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable,[16] and (2) recover damages." *Bennigan's Franchising Co., LLC v. Team Irish, Inc.*, No. 3:11-CV-0364-D, 2011 WL 3903068, at *3 (N.D. Tex. Sept. 6, 2011) (Fitzwater, C.J.) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). Because no action listed in § 38.001 is asserted in this case, and because Plaintiff fails to plead any viable cause of action, her request for attorney's fees fails and should be dismissed. *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *13 (N.D. Tex. June 6, 2012), *rec.*

---

[16] The qualifying causes of action are for:
(1) rendered services;
(2) performed labor;
(3) furnished material;
(4) freight or express overcharges;
(5) lost or damaged freight or express;
(6) killed or injured stock;
(7) a sworn account; or
(8) an oral or written contract.
Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2002).

*adopted*, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (dismissing request for attorney's fees where all of the plaintiff's claims were subject to dismissal).

## IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended her complaint since filing this action.  Nevertheless, her claims for breach of contract, wrongful foreclosure, conversion, and civil theft under the TTLA fail as a matter of law because they barred by the statute of limitations.  It appears that she has pled her best case to the Court and an opportunity to amend is therefore unwarranted.

## V. RECOMMENDATION

Plaintiff's motion to remand should be **DENIED,** Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims should be dismissed with prejudice.

**SO RECOMMENDED** on this 30th day of April, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE