**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SHARLEEN O. JEANBAPTISTE, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-0264-K (BH) |
| § | |
| WELLS FARGO BANK, N.A., et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was referred for pretrial management. Before the Court are *Defendant's Motion for Award of Attorneys' Fees and Costs and Brief in Support*, filed June 5, 2014 (doc. 18); *Motion for Entry of Protective Order under Federal Rule of Evidence 502(d)*, filed June 5, 2014 (doc. 20); and *Motion for Leave to File Invoices Under Seal*, filed June 5, 2014 (doc. 21). Based on the relevant filings and applicable law, the defendant's motions for entry of a protective order and for leave to file invoices under seal are **DENIED**. The motion for award of attorneys' fees and costs should be **GRANTED,** and the defendant should be awarded attorneys' fees in the amount of $26,008.50, and costs in the amount of $162.28.

**I. BACKGROUND**

On December 18, 2013, Sharleen O. Jeanbaptiste (Plaintiff) filed this suit against Wells Fargo Bank, N.A. (Defendant) in state court for claims arising from the foreclosure of her home. (Doc. 1-2 at 8–15.)[1] On January 23, 2014, Defendant removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, and it moved to dismiss a few days later. (Docs. 1 and 5.) Plaintiff moved to remand the case to the state court on January 31, 2010, for lack of subject

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

matter jurisdiction. (Doc. 6.) The Court denied Plaintiff's motion to remand and granted Defendant's motion to dismiss all of her claims with prejudice. *Jeanbaptiste v. Wells Fargo Bank, N.A.*, No 3:14-CV-264-K, 2014 WL 2158415, at *1 (N.D. Tex. May 22, 2014) (Order Accepting Findings and Recommendation) (doc. 16).

After entry of judgment, Defendant submitted a bill of costs to the Clerk of Court, who taxed costs against Plaintiff in the amount of $400. (Docs. 22, 25.) Defendant now seeks an award of attorney's fees and costs based on the following language in the Note and the Deed of Trust, respectively:

> (C) Payment of Costs and Expenses
> If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses *including reasonable and customary attorneys' fees for enforcing this Note* to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

(Doc. 19-1 at 3 (emphasis added).)

> If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.
>
> Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

(Doc. 19-2 at 4.) Defendant also seeks a protective order under Fed. R. Evid. 502(d) for its attorney's fee invoices and leave to file the invoices under seal. (Docs. 20-21.) The motions are now ripe for decision and recommendation.

2

## II. MOTION FOR PROTECTIVE ORDER

Defendant moves for a protective order under Fed. R. Evid. 502(d), requesting a finding that its filing of unredacted invoices in support of its motion for attorney's fees did not waive the attorney-client privilege, the work product doctrine, or any other privilege, in this case or in any other federal or state proceeding. (doc. 20 at 1–2.)

Rule 502(d) states:

Controlling effect of a court order.—A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d). Congress added this rule in 2008 for "two major purposes": (1) resolving some longstanding disputes about the effect of certain disclosures of privileged information-specifically disputes involving inadvertent disclosure and subject matter waiver,[2] and (2) responding to the widespread complaint that litigation costs necessary to protect against waiver of privilege have become prohibitive due to the concern that any disclosure will operate as a subject matter waiver of all protected communication. *See RIPL Corp. v. Google Inc.*, No. 2:12-CV-02050-RSM, 2013 WL 6632040, at *3 (W.D. Wash. Dec. 17, 2013) (citations omitted); *see also* Fed. R. Evid. 502 Advisory Comm. Note, Rev. Nov. 28, 2007. The rule "is designed to enable a court to enter an order . . . that will allow the parties to *conduct and respond to discovery* expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery." *Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence*, 154 Cong. Rec. H. 7817

---

[2] The "waiver of an attorney-client communication waives the privilege as to all other communications relating to the same subject matter." *See S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006).

(2008), *reprinted in* Fed. R. Evid. 502 Advisory Committee Notes subdivision (d) (emphasis added).[3]

The plain language of Rule 502(d) and its legislative history suggest that it was designed to protect disclosures made in the context of discovery. *See id.*; *see also* S. Rep. No. 110-264, at 3. Defendant cites no authority discussing the rule's intended purpose or analyzing its applicability in the context of post-judgment motions for attorney's fees. Even assuming, without deciding, that Rule 502(d) applies in this context, the cases that have interpreted Rule 502 in the discovery context have expressly noted that the Rule applies to documents or other materials that are shown to be privileged, not those that merely *could* be privileged. *See e.g.*, *Rajala v. McGuire Woods, LLP*, No. 08-2683-CM-DJW, 2013 WL 50200, at *3 (D. Kan. Jan. 3, 2013) ("In other words, [under Rule 502(d)], a court may fashion an order . . . to limit the effect of waiver when a party inadvertently discloses *attorney-client privileged information or work product materials*."); *Potomac Elec. Power Co. & Subsidiaries v. United States*, 107 Fed. Cl. 725, 728 (Fed. Cl. 2012) (explaining that Rule 502 "puts in place certain safeguards respecting the inadvertent disclosure of *privileged information*"; also providing a detailed discussion of "the long-standing doctrine governing the scope of privilege waivers" and the relationship between the different subsections of Rule 502); *Frye v. Ayers*, No. CIVS990628LKKKJM, 2008 WL 4642783, at *1 n. 1 (E.D. Cal. Oct. 16, 2008), *on reconsideration*

---

[3] The Senate Report to then proposed Rule 502 states:

> The bill provides a new Federal Rule of Evidence 502 to limit the consequences of inadvertent disclosure, thereby relieving litigants of the burden that a single mistake *during the discovery process* can cost them the protection of a privilege. It provides that if there is a waiver of privilege, it applies only to the specific information disclosed and not the broader subject matter unless the holder has intentionally used the privileged information in a misleading fashion . . . If a federal court enters an order finding that an inadvertent disclosure of privileged information does not constitute a waiver, that order will be enforceable against persons in federal [and] state proceedings.

S. Rep. No. 110-264, at 3 (Feb. 25, 2008) (emphasis added).

*sub nom. Frye v. Warden, San Quentin State Prison*, 2010 WL 3855178 (E.D. Cal. Sept. 30, 2010) (explaining that Rule 502 "protects parties to litigation against the inadvertent disclosure of *privileged information*") (emphasis added).

The Fifth Circuit has "long recognized the general rule that matters involving the payment of [attorney's] fees . . . are not generally privileged." *In re Grand Jury Subpoena*, 913 F.2d 1118, 1123 (5th Cir. 1990). Such "matters" naturally include attorney's fees invoices. *See, e.g.*, *Hill v. Hunt*, 2008 WL 4108120, at *7 (N.D. Tex. Sept. 4, 2008) ("Ordinarily, invoices for legal fees are not privileged."); *Stonehenge/Fasa-Tex., JDC, L.P. v. Miller*, No. Civ. A. 3:94-CV-0912-G, 1998 WL 826880, at *2 (N.D.Tex. Nov.23, 1998) (holding that the "invoices for legal fees" were not protected by either the attorney-client privilege[4] or the work product doctrine[5] because they were "merely a byproduct of the fact of the representation"). Only when attorney's fees invoices contain "confidential" client information may a privilege be invoked. *See Hill*, 2008 WL 4108120, at *7 (citation omitted).

Here, Defendant invokes the attorney-client privilege and the work product doctrine (*see* doc. 20 at 2), but fails to assert or demonstrate that either doctrine applies to the unredacted attorney's fees invoices at issue. Accordingly, even if Rule 502(d) could be utilized in this context, a

---

[4] To establish the "attorney-client" privilege, a party must show: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate and (b) in connection with this communication was acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of serving primarily either (i) an opinion on law or (ii) legal service or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. *S.E.C. v. Brady*, 238 F.R.D. 429, 438 (N.D. Tex. 2006) (citation omitted).

[5] A party invoking "work product" protection must prove: (1) the materials at issue are documents or tangible things; (2) these materials were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's representative; and (4) if the party seeks to show that the material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003).

protective order under Rule 502(d) is unwarranted given Defendant's failure to show that the invoices are privileged. *Compare DeGeer v. Gillis*, No. 09 C 6974, 2010 WL 3732132, at *8 (N.D. Ill. Sept. 17, 2010) ("Having found that the disputed communications . . . *are privileged*, the determination of whether the privilege has been waived is governed in part by Federal Rule of Evidence 502.") (emphasis added).

In addition, the cases that have interpreted Rule 502 in the discovery context also note that Rule 502(d) protects parties against "inadvertent" disclosure of privileged information. Defendant's filing of the attorney's fees invoices in connection with the motion was not inadvertent, so its motion also fails for this reason. Defendant's motion for a protective order under Fed. R. Evid. 502(d) is denied.

### III.  MOTION FOR LEAVE

Defendant also seeks leave to file its billing invoices under seal. (Doc. 21.)

The Fifth Circuit has acknowledged that there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *U.S. v. Holy Land Foundation for Relief and Development*, 624 F.3d 685, 690 (5th Cir. 2010) (internal quotation marks omitted); *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (noting the common law presumption that the public has a right to access judicial records). "Allowing the public to access judicial records serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Macias v. Aaron Rents, Inc.*, 288 Fed. App'x 913, 916 (5th Cir. 2008) (quoting *Van Waeyenberghe*, 990 F.2d at 849) (internal quotations omitted). "Although the common law right of access to judicial records is not absolute, the district court's discretion to seal

the record of judicial proceedings is to be exercised charily." *Van Waeyenberghe*, 990 F.2d at 848 (internal quotation marks omitted). The movant may "overcome the presumption of access by providing sufficiently compelling reasons that override the public policies favoring disclosure." *Bianco v. Globus Medical, Inc.*, No. 2:12-CV-00147-WCB, 2013 WL 3422000, at *2 (E.D. Tex. Jul 14, 2014). The compelling reasons must be "supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.*; *see also In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (finding that where the movant's allegation of harm was conclusory, the district court's entry of a protective order was unsupported by a particular and specific demonstration of fact).

Here, Defendant states that some billing entries "disclose work product information and attorney's mental impressions, and they may also reveal attorney-client communications." (Doc. 21 at 1.) It does not demonstrate that either work-product or attorney-client privilege doctrine applies to the unredacted attorney's fees invoices at issue. (*See* doc. 21.) The Fifth Circuit has "long recognized the general rule that matters involving the payment of [attorney's] fees . . . are not generally privileged." *In re Grand Jury Subpoena*, 913 F.2d at 1123; *see also Hill*, 2008 WL 4108120, at *7 ("Ordinarily, invoices for legal fees are not privileged."); *Stonehenge/Fasa-Tex.*, 1998 WL 826880, at *2 (holding that the "invoices for legal fees" were not protected by either the attorney-client privilege or the work product doctrine because they were "merely a byproduct of the fact of the representation"). Defendant fails to provide compelling reasons that are "supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Bianco*, 2013 WL 3422000, at *2. Its motion for leave to file its billing invoices under seal is denied.

7

## IV. MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant seeks a post-judgment award of attorneys' fees and costs, citing Federal Rule of Civil Procedure 54(d) and Texas law. (Doc. 18 at 1, 3-4.)

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)). An award of attorneys' fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir.2002)). Federal procedure, however, requires that claims for attorneys' fees generally be made by motion filed within 14 days of the entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2). *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see also Evanston Ins. Co. v. Graves*, 3:13-CV-959-D, 2013 WL 4505181, *1 (N.D. Tex. Aug. 23, 2013) ("Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion..."); *CSMG Technologies, Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, *3 n. 20 (S.D. Tex. July 24, 2009) (party seeking attorney's fees under Texas law in a diversity case must still follow federal procedural rules).[6]

### A. <u>Attorneys' Fees</u>

Defendant seeks attorneys' fees in the amount of $26,008.50. (Doc. 18 at 8.)

---

[6] Defendant did not specifically invoke subsection (2) of Rule 54(d) in its motion, but its request for fees was made by motion filed on the fourteenth day after the Court's entry of judgment in its favor on Plaintiff's claims. (*See* docs. 18-19.) Rule 54(d) does not apply in cases where "the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2). The Fifth Circuit recently held that Defendant could recover its attorneys' fees under very similar contractual language by post-judgment motion. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F. 3d 1035 (5th Cir. 2014).

Under Texas law, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 120 (Tex. 2009)); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310-11 (Tex. 2006). Texas law allows the recovery of attorneys' fees when allowed by language in a deed of trust. *See Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011).

Here, Defendant bases its request for fees on contractual language in the Note and Deed of Trust. (Docs. 18 at 5-6; 19-1 at 3; 19-2 at 4.) The terms of the Note and Deed of Trust provide that Plaintiff shall pay the costs and fees incurred by Defendant in enforcing the Note and Deed of Trust. (*See* docs. 19-1 at 3 ("Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note"); 19-2 at 4 ("If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property . . . then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property . . . Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.")). Plaintiff's suit threatened Defendant's right on the property. Under Texas law, the language of the Note and Deed of Trust entitles Defendant to recover the attorneys' fees it incurred while protecting its rights to the property. *See Castiblanco v. Wells Fargo Bank, N.A.*, No. H-12-473, 2013 WL 6079519, *3 (S.D. Tex. Nov. 19, 2013).

"Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and

9

necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing Tex. Disciplinary R. Prof'l Conduct 1.04(b)). The fee applicant is not required to present evidence on all of the factors, however. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.). "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Id.*

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex.

App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Defendant submits a declaration from its counsel and billing records. (*See* docs. 19-3, 19-4.) The attorney's declarations sets out the hourly rates for the attorneys and paralegals who worked on this case, (doc. 19-3 at 3-4), and it opines that the fees incurred are reasonable and necessary (doc. 19-3 at 4). It states that the value of counsel's work is $27,177.50, but in the exercise of billing judgment, counsel only billed $26,008.50.[7] (Doc. 19-3 at 5.) Plaintiff asserts that the fee requested is "unfair and unreasonable[,]" but fails to rebut or controvert Defendant's evidence. (*See* doc. 26 at 2.) Under Texas law, Defendant's evidence is "legally sufficient" for an award of attorneys' fees. *See In re Estate of Tyner*, 282 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) (". . . attorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees.").

---

[7] Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours[.]" *Walker v. U.S. Dept of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996).

11

The requested attorneys' fees are reasonable as a matter of law. *See Ragsdale*, 801 S.W.2d at 882. Defendant's motion should be granted.

**B.     Costs**

Relying on Rule 54(d)(1), Defendant seeks costs in the amount of $162.28 beyond the cost of removal taxed by the Clerk of Court.[8]  (Doc. 18 at 8.)

Rule 54(d)(1) states, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citation omitted). The decision to award costs "ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). Having prevailed on its motion to dismiss, Defendant is entitled to its reasonable costs of $162.28, and its request for this amount should be granted.

**V.     RECOMMENDATION**

Defendant's motion for a protective order under Fed. R. Evid. 502(d) and motion for leave to file its billing invoices under seal are **DENIED**. Defendant's motion for attorneys' fees and costs should be **GRANTED,** and it should be awarded attorneys' fees in the amount of $26,008.50, and costs in the amount of $162.28.

**SO RECOMMENDED on this 4th day of November, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] According to Defendant's invoices, the ed costs relate to copying and a messenger service. (Doc. 21-1 at 9.)

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                              _____
                                                                              IRMA CARRILLO RAMIREZ
                                                                              UNITED STATES MAGISTRATE JUDGE